# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GARY D. GARRETT,**

       Plaintiff,

vs.                                                                  Civ. No. 04-470 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision filed September 16, 2004. Docket No. 8.   Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken in part.

## I.  PROCEDURAL RECORD

Plaintiff, Gary D. Garrett, filed an application for Disability Insurance Benefits alleging a disability since October 1, 1991, due to a back injury.  Tr. 12.  The ALJ held a hearing on July 25, 1995.  On October 31, 1995, the ALJ issued a decision finding that Plaintiff was not disabled.  Tr. 264.  On February 4, 1997, the Appeals Council vacated the decision and remanded the case for a supplemental hearing and directed the ALJ to give "further consideration to the examining source

opinion, evaluate the claimant's subjective complaints" and, if required, to perform a proper analysis at step 4.  Tr. 281.

A second administrative hearing was conducted on November 11, 1997.  Tr. 78.  On January 15, 1998, the ALJ issued a decision finding that Plaintiff was not disabled.  Tr. 18.  Plaintiff appealed this decision to United States District Court, *Garrett v. Apfel*, Civ 98-1531 JP/KBM.  The District Judge adopted the Magistrate Judge's Proposed Findings and Recommended Disposition and remanded the case for a proper credibility analysis.  Tr. 356-66.      The ALJ conducted a third hearing on November 30, 2000.  In his decision of January 11, 2001, the ALJ found that Plaintiff was disabled as of March of 1998.  As the Plaintiff's last date insured for disability benefits was March of 1995, the ALJ did not award disability benefits.  Tr. 445-46.

Plaintiff filed his second appeal in United States District Court on March 7, 2001.  *Garrett v. Halter*, Civ. 01-265 BB/RLP.  The Court affirmed in part and reversed in part the ALJ's decision.  Specifically, the District Judge adopted the Magistrate Judge's Analysis and Recommended Disposition that stated:

> "The date of onset of Plaintiff's disability must be inferred.  The medical evidence is ambiguous as to the date. That ambiguity is not resolved by the factors relied upon by the ALJ, and the ALJ did not state a convincing rationale for the date selected.  The ALJ should have called a medical advisor in order to determine the date of onset of disability."  Tr. 483.

The Court found that the medical evidence concerning Plaintiff's's onset date of disability is ambiguous.  *Reid v. Chater*, 71 F.3d 372, 372 (10th Cir. 1995).  In its Order to remand, the Court ordered that on remand "the Commissioner shall consult a medical advisor to determine the date of onset of physical disability; that is whether it is prior to March 1, 1998."  Tr. 486.

The ALJ conducted a fourth administrative hearing on January 14, 2003.  Tr. 434.  After the

hearing the ALJ submitted interrogatories to a medical expert, George L. Dixon, MD.  Tr. 532.  Dr. Dixon opined that as of March 31, 1995, the date Plaintiff's insured status expires, Plaintiff retained the ability to perform a range of light work.  Tr. 523-24.

In this appeal, Plaintiff asserts, *inter alia*, that he should have the opportunity to present all the medial evidence to the medical advisor and cross-examine the medical advisor at a supplemental hearing.  Defendant agrees and also agrees to expedite the matter.  Plaintiff further asserts that the Court should reverse and remand for an award of benefits.  Defendant asserts there is insufficient evidence to determine the date of onset of disability and thus an award of benefits is not proper.

### III.  LEGAL STANDARD

The Court has the discretion, when reversing the Secretary's determination, to remand for a further hearing or to award benefits. *Dixon v. Heckler*, 811 F.2d 506, 511 (10th Cir. 1987).  Further hearing is not necessary when the claimant has made a *prima facie* case of entitlement and the record is fully developed.  *Nielson v. Sullivan* 992, F.2d 1118, 1122 (10th Cir. 1993).

### IV. DISCUSSION

The Court determined in Plaintiff's second appeal that the medical evidence is ambiguous as to the date of onset of Plaintiff's disability.  *Garrett v. Halter*, Civ. 01-265 BB/RLP, Tr. 483.  If the Court were to remand for an award benefits, the ALJ would have to pick a random date prior to March 31, 1995 as the onset date of Plaintiff's disability.  This decision would not be supported by substantial evidence as required.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Bailey v. Chater*, 68 F.3d 75, 80 (4th Cir. 1995) ('...medical advisors are the prescribed mechanism for reaching the required evidentiary threshold; their services may not be dispensed with by fiat.")  The record is not fully developed on this issue and a remand for

further evidence is required.

The Court makes this decision with great reluctance.  Plaintiff's application for benefits was filed over thirteen (13) years ago.  He has gone through four administrative hearings and has filed three appeals.  With this in mind, the Court will order that a hearing be held within **sixty (60) days** after entry of the memorandum opinion and order and that the ALJ issue a decision no later than **fifteen (15) days** thereafter.  Any medical advisor who has reviewed this case at the request of the ALJ must be present at the hearing so that the Plaintiff can cross-examine the medical advisor.  In addition, any medical advisor who is asked to review this case at the request of the ALJ must be provided with all of the Plaintiff's medical records, including the DDS consultative physical examination report from Walter D. Trafton, M.D.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand is granted for proceedings consistent with this opinion.

_____

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**
**(sitting by designation)**